## JOHN DOYLE vs. JOHN DIXON.

If a written contract is entered into by which one person promises to give to another "a free and full possession of his stock and store for the term of five years at a yearly rent as understood by both," for which a certain sum as bonus and also a market price for the stock are agreed to be paid, parol evidence is incompetent to show that this was executed only as a memorandum and partial statement of the agreement, for a special purpose, and that another independent oral agreement was made at the same time and upon the same consideration that the seller should not engage in similar business in the same place within five years.

CONTRACT. The declaration set forth that the defendant agreed to sell to the plaintiff all the stock in trade and goods in a store then occupied by the defendant in Chicopee, and also the good will and trade of the defendant connected with his business, namely, a grocery business, and give the plaintiff a lease of the store, and not engage in the grocery business or sell any goods of the kind sold by him to the plaintiff in Chicopee within five years, except a few barrels of flour, if the plaintiff would pay to the defendant the market price of the stock in trade and goods, and twelve dollars a month for rent, and five hundred dollars as a bonus for giving up his business and for his good will and agreeing not to engage in business as aforesaid; and the plaintiff made said agreements and payments, and the defendant conveyed the stock in trade and goods, and executed a lease, and gave up the business; but the defendant afterwards within the five years engaged in the grocery business in Chicopee.

At the trial in the superior court, before *Vose*, J., the plaintiff introduced evidence tending to prove verbal agreements on the 19th of November 1864 between him and the defendant substantially as set forth in the declaration. On the same day the parties entered into a written agreement, of which the following were the material portions : " Witnesseth that the said John Dixon of Chicopee doth hereby promise and agree to give unto the said John Doyle of N. Brookfield a free and full possession of his stock and store on the first day of December next for the term of five years, at a yearly rent as understood by both   Witnesseth

also that the said John Doyle of N. Brookfield doth hereby promise and agree to pay the said John Dixon the sum of five hundred dollars as a bonus, and also a market price for his stock. Witnesseth also that the said John Dixon and John Doyle do consider this agreement as binding, and that in case either were to back out he is to pay unto the other the sum of two hundred dollars." The plaintiff introduced evidence tending to show that this writing was drawn up for a temporary purpose, and to fix the amount of forfeiture in case either party should recede from his contract, and was only intended to remain in force till November 21st, when a lease was to be executed, and that it was not intended or understood by either party that the writing should contain their bargain and contract.

The defendant requested the court to instruct the jury "that the plaintiff could not recover upon the written contract, or upon parol evidence of any promise or statement made by the defendant as part of or during the negotiations preceding or at the time of the writing of November 19th."

The court refused to give the instructions prayed for, but instructed the jury "that it was a question of fact for them to determine whether the parties executed the paper of November 19th as a written statement of the contract they had made, and with the understanding that it should and did fully contain and express their bargain and agreements; that if such was the fact, then the plaintiff could not recover in this action, because in such case it was not competent for the plaintiff to set up and claim to recover upon any verbal stipulation or promise of the defendant, made from, to or at the time of the execution of the paper, and not embodied or incorporated into it, and the paper did not contain any such promise or undertaking of the defendant as the plaintiff has averred and offered evidence in proof of. If the paper was a mere memorandum and partial statement of the agreement, and was so understood by the parties, and was executed for a special purpose, such as to fix the amount of forfeiture or bind the bargain until they could execute the lease, and was not intended by the parties to be a full statement of their agreements, and there were other independent verbal

agreements, including the one declared on, which the parties in-
tended to have remain in full force notwithstanding the writing,
and which they understood to continue binding on them, not-
withstanding the paper of November 19th, then the plaintiff
was entitled to recover on such verbal agreement."

The jury returned a verdict for the plaintiff, and the defendant
alleged exceptions.

*J. Wells, A. L. Soule & G. H. Knapp,* for the defendant, cited
*Wilson* v. *Sherburne,* 6 Cush. 68; *Cummings* v. *Arnold,* 3 Met.
486–489; *Howe* v. *Walker,* 4 Gray, 318; *Sayward* v. *Stevens,*
3 Gray, 97; *Dutton* v. *Gerrish,* 9 Cush. 89; *Rice* v. *Dwight
Manuf. Co.* 2 Cush. 80; *Underwood* v. *Simonds,* 12 Met. 275;
*Lapham* v. *Whipple,* 8 Met. 59; *Boyle* v. *Agawam Canal Co.* 22
Pick. 381; *Curtis* v. *Wakefield,* 15 Pick. 437; *Pierce* v. *Wood-
ward,* 6 Pick. 206; *Ward* v. *Lewis,* 4 Pick. 518; *Brigham* v.
*Rogers,* 17 Mass. 571.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff. The orig-
inal oral contract was never put in writing, nor intended to be.
The written memorandum, made for a special purpose, and not
intended to contain the substance of the oral contract, did not
displace that contract or affect its validity, and it was proper to
submit the facts and circumstances to the jury. *Knight* v. *New
England Worsted Co.* 2 Cush. 271. *Austin* v. *Boyd,* 24 Pick. 64.
The jury found an independent stipulation, collateral to the
others, and intended by the parties to remain in force. *Daven-
port* v. *Mason,* 15 Mass. 85. *Lapham* v. *Whipple,* 8 Met. 59.
*Pierce* v. *Woodward,* 6 Pick. 206.

FOSTER, J. The plaintiff cannot recover upon the written
contract between the parties introduced at the trial, because it
contains no such agreement as the one the breach of which is
set forth in the declaration, namely, "not to engage in the gro-
cery business or to sell goods of the class and kind sold by the
defendant to the plaintiff in the town of Chicopee within five
years" from the date of the agreement between the parties.

Neither can he maintain his action upon the evidence of an
oral contract. As to this, the defendant was entitled to the spe-
cific instruction asked by him and refused by the court at the

trial, namely, " that the plaintiff could not recover upon parol evidence of any promise or statement made by the defendant as part of or during the negotiations preceding or at the time of the written contract." The oral agreement was not subsequent to but contemporaneous with the written instrument. The written contract of the plaintiff was to pay the market price of the stock of goods and a bonus of five hundred dollars; and an annual rent for the store for five years as understood by both. His alleged oral agreement was precisely the same, except that it stated the understood rent to be twelve dollars per month.

The written agreement of the defendant was to sell to the plaintiff the stock of goods at the market price, and to lease the store for five years at the understood rent. The alleged oral contract of the defendant was identical with the writing in every particular except that it specified the amount of rent and added an agreement not to engage in the grocery business or sell goods of the same description as the stock purchased by the plaintiff within five years in Chicopee. The evidence offered can be considered in no other light than as an attempt to engraft upon the written instrument an additional oral stipulation founded upon the same consideration and entered into at the same time with the written contract between the parties. In *Wilson* v. *Sherburne*, 6 Cush. 68, there was a written bargain for the sale of a fish stand and the personal property attached to it, which the purchaser unsuccessfully sought to enlarge by parol proof that the vendor also agreed at the same time and for the same consideration not to engage in the fish business in Springfield for one year. That case is indistinguishable in principle from the present.                                    *Exceptions sustained.*